Carhart, J.
BACKGROUND
This case involves a claim by Cherick Distributors (Cherick) against Polar Corporation (Polar). Cherick was purchased by two individuals for the sum of one hundred and seventy-five thousand dollars. Cherick’s primary source of inventory was Polar. Polar granted Cherick the exclusive rights to distribute Polar products in southern Worcester County. In return, Cherick agreed that it would only distribute Polar products.
In response to concerns about its ability to sustain profit margins, Richard Corey, the president of Cherick, wrote a letter to other Polar distributors. The letter called for a meeting to discuss common concerns in dealing with Polar. As soon as Polar learned of the letter it terminated Cherick and gave Cherick four days to return its inventory. As a reason for the termination, Polar cited Cherick’s failure to maintain a letter of credit. This reason was false. The real reason for termination was Cherick’s attempt to organize other Polar distributors.
The following claims were tried before a jury: a claim of interference with advantageous relations, a claim of a breach of implied covenant of good faith and fair dealing, and a claim of a violation of Massachusetts General Laws, c. 93A, §§2 and 11. The jury was impanelled on January 18, 1995 and the case proceeded to trial. All claims were submitted to the jury by Special Verdict Questions. By agreement, the issues of doubling or tripling of damages and attorneys fees, in the event of a finding of a 93A violation, were left to the court.
On January 24, 1995 the jury returned a verdict in favor of the plaintiff as follows: (1) on interference with advantageous relations, the jury awarded the plaintiff $25,000; (2) on breach of implied covenant of good faith and fair dealing, the jury awarded the plaintiff $50,000; (3) on violation of Chapter 93A, the jury awarded the plaintiff $100,000. By separate question the jury awarded $175,000 as the “total on all claims.”
The jury having returned a verdict in the sum of $175,000, the question now is whether or not the damages should be doubled or tripled. The defendant argues that the 93A award must be subsumed by the two awards on the other two causes of action and, therefore, the only damages subject to enhancement are $75,000. The defendant cites Charles River Construction Co. v. Kirksey, 20 Mass.App.Ct. 333 (1985), as the authority for its position. The plaintiff argues that the statute was amended after the Charles River Construction Co. case and now reads “. . . recovery shall be in the amount of actual damages; or up to three, but not less than two times such amount....’’ The defendant correctly states that the damages cannot be cumulative. The analysis, therefore, requires consideration of the jury’s verdict in light of the charge to the jury.
The trial of this matter involved presentation of evidence in support of the two causes of action — interference with advantageous relations, and breach of good faith and fair dealing. It was these causes of action that formed the basis for the 93A claim. The jury was instructed that there could not be a cumulative recovery under the alternative causes of action. The jury was instructed that they could award damages which were proven and consistent with the alternative theories of recovery. The jury was then asked by special verdict question to list the “total on all claims.” The jury’s verdict on the “total on all claims” question was $ 175,000.1 take the jury’s verdict at face value. This figure includes the total of all the damage awards. It seems logical to conclude, therefore, that the “actual damages” in this case as contemplated by M.G.L.chapter 93A are in the amount of $175,000.
*558 DISCUSSION
Polar’s actions in terminating the Cherick distributorship effectively terminated Cherick as a going concern. Polar knew, or should have known, that its actions would, in effect, be the end of Cherick as a business entity. Notwithstanding this knowledge, Polar used a pretext to terminate Cherick. When confronted with the fact that the reason given was a pretext, Polar chose to show a complete disregard for the need to tell the truth in business dealings. Rather, Polar chose to conceal its true reason for termination from the plaintiff.
At trial Polar took the position that its reason for terminating Cherick was irrelevant. The fact that Polar terminated Cherick because of Cherick’s attempt to organize other distributors, however, is contrary to the presumed standards of fair dealing and arms-length ethical behavior which should exist in the commercial marketplace. Such conduct also offends the right of individuals to organize themselves and take positions deemed to be for their common good. Such steps should not be at the peril of a unilateral termination of the organizer’s business entity. Polar’s dealings with Cherick were unconscionable. Polar showed no regard for ethics in the business place and therefore I find that the jury’s verdict of $175,000 was well warranted. The statute calls for double or triple damages. In this case Polar’s callous disregard for the rights of Cherick compels me to triple the damages. The damages awarded to Cherick pursuant to the claim under c. 93A, §2 and §11 are therefore tripled to $525,000.
The plaintiff has applied for attorneys fees and costs in this case pursuant to the provisions of M.G.L.chapter 93A. Plaintiffs counsel has submitted an affidavit seeking attorneys fees in the sum of $98,221.50 and costs in the sum of $7,061.70. I have considered the nature of this action, the result obtained and counsel’s conduct in prosecuting the plaintiffs claims. I find that the plaintiffs attorney was extremely well prepared and effective. The fees, reflecting an hourly rate of $225 an hour for lead counsel, $155 per hour for associate counsel, and $60 per hour for paralegal are reasonable. Associate counsel has a degree in accounting which was helpful in presenting the complex financial issues. The need for paralegal assistance is reflected in the defendant’s insistence on providing plaintiffs counsel voluminous documents in discovery. The two separate claims for breach of good faith and fair dealing, and tortious interference with advantageous relations form the basis for the 93A claim. They are therefore so inextricably intertwined with the 93A claim that no apportionment of attorneys fees as to the respective counts is appropriate. I also find a basis for the plaintiffs request for costs. Accordingly I am awarding plaintiff attorneys fees in the sum of $98,221.50, and costs in the sum of $7,061.70.